UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITDED STATES** | ) |
| | ) |
| v. | )   96-CR-00308 (TFH) |
| | ) |
| **JOSEPH GREEN** | ) |
| **Defendant** | ) |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION TO EXPUNGE CRIMINAL RECORD

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Motion to Expunge Criminal Record. For the reasons stated herein, the Defendant's motion should be denied summarily.

### PROCEDURAL HISTORY

On September 12, 1996, a grand jury issued an indictment, charging the Defendant with two counts of unlawful possession with the intent to distribute (PWID) five or more grams of cocaine base, in violation of 21 U.S.C. § 841 (a) and (b), and one count of unlawful possession of an unregistered firearm, in violation of 6 D.C. Code § 2311 (a). Based on the available, albeit abbreviated, public record, Defendant was indicted, detained pretrial, and later convicted of one count of PWID five or more grams of cocaine base. On August 13, 1997, the Court imposed an unspecified sentence. On February 26, 1998, the Court amended the Judgement and Commitment Order to clarify that it had not applied an enhancement under U.S.S.G. 2D1.1 (b) (1) for possession and or use of a firearm during the commission of a drug offense. On April 24, 2018, Defendant filed the instant motion seeking expungement of his criminal record.

1

## ARGUMENT

A federal court may order expungement of a criminal record "where it is required or authorized by statute," United States v. Spinner, 72 F.Supp.3d 266, 268 (D.D.C. 2014), or "in exercise of [its] inherent equitable powers." Doe v. Webster, 606 F.1226, 1230 (D.C. Cir. 1979). Expungement of a criminal record may be an appropriate exercise of the Court's equitable powers, where the case lacked probable cause and evidenced other special circumstances, or reflected a flagrant violation of the Constitution, or was characterized by other unusual and extraordinary circumstances. United States Douglas, 282 F. Supp. 3d 275, 278 (D.D.C.2017). "Before expunging a criminal record [of conviction], the Court must find that, after examining the particular facts and circumstances of the case, the remedy is necessary and appropriate in order to preserve basic legal rights." Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985). Ultimately, relief is granted only in extreme circumstances after balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties. United States v. Davis, No.342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006).

Here, expungement of the Defendant's criminal conviction and records is neither required nor authorized by statute. Defendant's arrest and conviction were supported by probable cause, as evidenced by his indictment and pretrial detention. Defendant's conviction did not violate the U.S. Constitution, and was not the product of any unusual or extraordinary circumstances. Instead, Defendant's express basis for this motion is that his "criminal record has [been] hindering [him] overtime from getting hired for much needed job opportunities . . ." Defendant's Motion at 1. The courts, however, have uniformly held that difficulty in obtaining employment "does not present an extreme or unusual circumstance justifying expungement." See United States v. Evans, 78 F. Supp.

3d 351, 353 (D.D.C. 2015); <u>see also</u>, <u>United States v. Spinner</u>, 72 F. Supp. 3d 266, 269 (D.D.C. 2014); <u>United States v. Blackwell</u>, 45 F. Supp. 3d 123, 124-25 (D.D.C. 2014); <u>United States v. Robinson</u>, 23 F. Supp. 3d 15, 17 (D.D.C. 2014).  In view of this legal precedent and under these circumstances, it is clear that expungement of the Defendant's criminal conviction and records is neither necessary nor appropriate to preserve basic legal rights. Hence, the interest of law enforcement in preserving these records outweighs the defendant's privacy interest. Accordingly, Defendant's motion for expungement of his criminal conviction and records should be denied summarily.

    Respectfully submitted,

    JESSIE K. LIU
    United States Attorney
    D.C. Bar No. 472845

    MARGARET J. CHRISS
    Chief, Special Proceedings Division
    D.C. Bar No. 452403

By: **Timothy W. Lucas**_____
    TIMOTHY W. LUCAS
    Assistant U.S. Attorney
    PA Bar No. 39604
    Special Proceedings Division
    555 4th Street, NW
    Washington, D.C. 20530
    (202) 252-6744
    Timothy.W.Lucas@usdoj.gov

## Certificate of Service

I HEREBY CERTIFY that a copy of this Opposition has been filed electronically with the Court and served by first-class mail, this 24th day of May, 2018, to the defendant's post-office box address in Washington, D.C.

By: **Timothy W. Lucas**_____
TIMOTHY W. LUCAS
Assistant U.S. Attorney