UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                )   Cr. No. 96-0308 (TFH)<br>)<br>JOSEPH GREEN,                  )<br>)<br>           Defendant.           )<br>)  | |

## ORDER

Pending before the Court is the defendant's Motion to Expunge Criminal Record [ECF No. 9]. In 1996, the defendant was charged with two counts of unlawful possession with intent to distribute (PWID) five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a) and (b), and one count of unlawful possession of an unregistered firearm, in violation of D.C. Code § 2311(a). The defendant later pled guilty to one count of PWID five or more grams of cocaine base. In August 1997, the Court sentenced the defendant to a term of thirty months imprisonment followed by five years of supervised release. The defendant's motion states that he would like his record expunged to assist him in obtaining employment to support his children and household. Mot. to Expunge at 1.

While the Court has sympathy for the defendant's situation, the law does not afford his requested relief. The defendant cites no statutory basis for expungement, nor is the Court aware of any. *See Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction."). Further, the defendant does not make the necessary showing for this Court to exercise its inherent, equitable power to

expunge. *See Livingston v. United States Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985) (holding that, before expunging a criminal record, the court must find the "remedy is necessary and appropriate in order to preserve basic legal rights"); *Webster*, 606 F.2d at 1231 ("[A]lthough there are indeed many instances in which courts have ordered expungement . . . in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." (footnotes omitted)); *cf. United States v. Benlizar*, 459 F. Supp. 614, 623-25 (D.D.C. 1978) (finding expungement of arrest and conviction records appropriate due to serious government misconduct in procuring an illegal conviction).

Because the defendant does not argue that he was improperly arrested or convicted, or that unusual or exceptional circumstances justify the expungement of his valid arrest and criminal conviction, the Court **ORDERS** the that defendant's Motion to Expunge is **DENIED**.

**SO ORDERED**.

November 13th, 2019

_____
Thomas F. Hogan
Senior United States District Judge